**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVID OSCAR AGUILA LOPEZ,

        Petitioner,

v.                                        Case No. 3:26-cv-1070-JEP-SJH

WARDEN, FLORIDA BAKER
CORRECTIONAL INSTITUTE, et al.,

        Respondents.

_____

## **ORDER**

Petitioner initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). He also filed several "Emergency" motions (Docs. 2, 3, 4, 5) and an Affidavit (Doc. 6).

A writ of habeas corpus may extend to an individual who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Generally, the remedy and purpose of the writ of habeas corpus is for individuals to challenge the "fact or duration" of their confinement and seek relief in the form of immediate or expedited release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, some of Petitioner's claims and requests for relief are not cognizable in a § 2241 petition. For example, Petitioner's claims relating to his medical care while detained and his request that he be provided with constitutionally adequate care may

be properly raised in a civil rights complaint—not a habeas petition. *See generally Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015)[1] ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement. And, in any event, even if Petitioner established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim." (citations omitted)).

Petitioner should also know that the Eleventh Circuit Court of Appeals recently addressed "whether unadmitted aliens found in the interior of the United States are eligible for bond while they go through immigration proceedings." *Hernandez Alvarez v. Warden*, --- F.4th ---, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026). In ruling on claims brought under the Immigration and Nationality Act (INA),[2] the Eleventh Circuit concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Id.* at *14.

Accordingly, it is

**ORDERED**:

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] The Eleventh Circuit only addressed claims under the INA; it did not address any claims brought pursuant to the Due Process Clause of the Fifth Amendment. *See generally Hernandez-Alvarez*, 2026 WL 1243395.

1.      The **Clerk** shall send Petitioner a § 2241 habeas petition form. If Petitioner so chooses, he may refile any challenges to his immigration detention under § 2241 on the enclosed form by **June 18, 2026**. He must include the words "Amended Petition" and this case number (3:26-cv-1070-JEP-SJH) on the form. If he does not file an amended petition by June 18, 2026, this case may be dismissed without prejudice without further notice.

2.      Because the Court finds Petitioner must file an amended petition if he desires to proceed with this case, Petitioner's motions (Docs. 2, 3, 4, 5) are **DENIED as moot**.[3]

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of May, 2026.

_____
Samuel J. Horovitz
United States Magistrate Judge

---

[3] Petitioner is advised that this Court does not have jurisdiction to entertain an application to stay removal insofar as such is a challenge to the Attorney General's decision to "execute [a] removal order." 8 U.S.C. § 1252(g); *see also Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271-74 (11th Cir. 2021); *Perez Romero v. Walker*, No. 2:26-cv-12-JES-NPM, 2026 WL 124308, at *1-2 (M.D. Fla. Jan. 16, 2026).

JAX-3 5/18
c:
David Oscar Aguila Lopez

4